# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY CHRISTOPHER STUBBS, III.,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0889 |
| | : | |
| **GREGORY A. SKREPENAK,** *et al.*, | : | |
| Defendants. | : | |

## **MEMORANDUM**

**JONES, J., II**                                                                                              **JUNE 9, 2022**

Plaintiff Henry Christopher Stubbs, III., a prisoner serving two consecutive life sentences at SCI Huntingdon, filed this civil action against numerous Defendants including fifteen Third Circuit Judges and a District Court Judge ("Federal Judicial Defendants"), and twenty-three state and local officials, including Pennsylvania Superior Court Judges, Luzerne County judges and local attorneys ("State and Local Defendants").[1]  Stubbs raises a multitude of complaints stemming from his post-conviction and habeas proceedings, as well as the denial of a certificate of appealability and rehearing by the Court of Appeals for the Third Circuit.  For the following reasons, the Court will dismiss Stubbs's claims against the Federal Judicial Defendants pursuant

---

[1] Defendants are divided into two (2) categories: (1) Federal Judicial Defendants Thomas L. Ambro, Stephanos Bibas, Michael A. Chagares, Christopher C. Conner, Joseph A. Greenaway, Jr., Thomas M. Hardiman, Kent A. Jordan, Cheryl Ann Krause, Paul B. Matey, Theodore A. McKee, Richard L. Nygaard, Peter J. Phillips, David J. Porter, L. Felipe Restrepo, Patty Shwartz, and D. Brooks Smith; and (2) State and Local Defendants Frank P. Barletta, Jacqueline M. Carroll, Timothy M. Doherty, Alice Beck Dubow, James L. Haddock, John T.J. Kelly, David W. Lupas, Luzerne County Office of the Clerk of Courts, Luzerne County Office of the District Attorney, James L. McDonagle, Jr., Stephen A. Menn, Judith Ference Olson, Peter Paul Olszewski, Jr., Jack A. Panella, Fred A. Pierantoni, III, Robert F. Reilly, Anthony Ross, Stefanie J. Salavantis, Jacqueline O. Shogan, Gregory Skrepenak, Eugene B. Strassburger, Todd Vonderheid, and Stephen A. Urban.  Stubbs also names Luzerne County as a Defendant.

to 28 U.S.C. § 1915A(b)(1), and will transfer the remaining claims against the State and Local Defendants to the United States District Court for the Middle District of Pennsylvania.

I.     FACTUAL ALLEGATIONS[2]

A review of the public dockets reveals that, in 2003, a Luzerne County jury convicted Stubbs of two counts of first-degree murder and various related charges. *See Commonwealth v. Stubbs*, Docket No. CP-40-CR-844-2002 (C.P. Luzerne Cty.). Stubbs received two consecutive life sentences. He unsuccessfully pursued post-conviction relief in the state courts and habeas relief in federal court. The Honorable Christopher C. Conner of the United States District Court presided over Stubbs's habeas proceedings. *See Stubbs v. Kauffman*, No. 18-0128, 2019 WL 11816614 (M.D. Pa. May 7, 2019); *Stubbs v. Curley*, 10-1849 (M.D. Pa). The Third Circuit Court of Appeals denied Stubbs's requests for a certificate of appealability and rehearing. *See Stubbs v. Curley, et al.*, No. 13-1894 (3d Cir. 2013); *Stubbs v. Superintendent SCI Huntingdon*, No. 19-2270 (3d Cir. 2019).

The gist of Stubbs's claims in the instant lawsuit is that the State and Local Defendants, along with the Federal Judicial Defendants, have been conspiring against him for over a decade to deprive him of access to the courts by, among other things, ruling erroneously on his habeas petitions, requests for certificates of appealability, petitions for rehearing, and his civil lawsuits. In essence, he claims that the judicial process related to the review of his conviction has been unfair as a result of this conspiracy. He seeks a declaratory judgment that his rights have been

---

[2] The following allegations are taken from Stubbs's Complaint and public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

violated, reinstatement of his state and federal appellate rights, an injunction prohibiting any conspiracy against his rights, and for this Court to review his reopened appeals. (Compl. at 48.)

## II.  STANDARD OF REVIEW

Stubbs seeks to proceed *in forma pauperis* in this matter. (*See* ECF Nos. 1, 3.) In *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*), the United States Court of Appeals for the Third Circuit announced a "flexible approach" that permits the screening of complaints filed by prisoners pursuant 28 U.S.C. § 1915A before ruling on an *in forma pauperis* motion..

Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id*. § 1915A(b)(1). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Stubbs is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen*., 655 F.3d 333, 339 (3d Cir. 2011).

## III.  DISCUSSION

Stubbs's claims in the instant matter concern alleged interference with his state and federal appeals from denials of his post-conviction petitions and *habeas* petitions, respectively. (Compl. at 51.) ("This action does not challenge what occurred at trial to convict the Plaintiff, or

pretrial investigation of crimes. It only challenges what occurred on appeal.")[3]  For the reasons set forth below, Stubbs's claims against the Federal Judicial Defendants are not plausible. The remaining claims against the state and local defendants arise out of events that took place in the Middle District of Pennsylvania, and as such, Stubbs's claims will be transferred to that venue for further consideration.

### A. Claims against Federal Judicial Defendants

Stubbs claims that District Court Judge Conner and Third Circuit Judges Ambro, Bibas, Chagares, Conner, Greenaway, Hardiman, Jordan, Krause, Matey, McKee, Nygaard, Phillips, Porter, Restrepo, Shwartz, and Smith violated his constitutional rights under § 1983 by conspiring with various state and local actors to stymy his attempts to appeal in collateral proceedings challenging his 2003 conviction and sentence. *See, e.g.,* Compl. ECF No. 1 at 20-26. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Stubbs names the Federal Judicial Defendants in their official capacities only. (ECF No. 1 at 20-21, 27.)

Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). The Federal Judicial Defendants serve as judges in the United States District Court for the

---

[3] The Court adopts the pagination assigned to Stubbs's submissions by the CM/ECF docketing system.

Middle District of Pennsylvania and the Court of Appeals for the Third Circuit Court. As such, Stubbs's official capacity claims against the Federal Judicial Defendants constitute claims against the United States. *See Bell v. Rossott*, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (claim against individual federal defendants sued in their official capacity are essentially claims against the United States). It is well-settled that the United States is not a "person" subject to § 1983 liability. *See e.g. Jachetta v. U.S.*, 653 F.3d 898, 908 (9th Cir. 2011) (citing *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970)) ("The United States and other governmental entities are not 'persons' within the meaning of Section 1983)). As such, Stubbs has not alleged a plausible claim against the Federal Judicial Defendants.

Stubbs's allegations of a conspiracy amongst the Federal Judicial Defendants and "state actors" do not cure his pleading. To the contrary, the Federal Judicial Defendants, in their official capacities, are not transformed into "persons" subject to § 1983 liability, despite their claimed involvement in "an alleged conspiracy with state actors." *See Hindes v. FDIC,* 137 F.3d 148, 158 (3d Cir. 1998) ("We find no authority to support the conclusion that a federal agency is a 'person' subject to section 1983 liability, whether or not in an alleged conspiracy with state actors."). Therefore, Stubbs has not alleged a plausible § 1983 claim against the Federal Judicial Defendants.[4]

---

[4] Liberally construing Stubbs's complaint as raising *Bivens* claims—the federal analog to § 1983—against the Federal Judicial Defendants, such claims similarly fail as *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver. *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (*per curiam*); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Brooks v. Bledsoe*, 682 F. App'x 164, 169 (3d Cir. 2017) (*per curiam*) ("To the extent that Brooks is suing the BOP employees in their official capacities, his claim fails as actions against prison officials in their official capacities are considered actions against the United States, and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver."). Furthermore, even if Stubbs's Complaint could be liberally construed to raise claims against the Federal Judicial Defendants in their individual capacities,

### B. Claims against State and Local Defendants

Stubbs's remaining claims are against state and local Luzerne County officials involved in his criminal case as well as the Pennsylvania Superior Court Judges who considered his post-conviction appeals. These claims are based entirely on events that took place in Luzerne County, or arose from Stubbs's Luzerne County arrest, prosecution, and conviction. Luzerne County is located in the Middle District of Pennsylvania. 28 U.S.C. § 118(b). As there is no apparent basis for venue in this district over these claims, the Court will transfer the remainder of Stubbs's Complaint to the United States District Court for the Middle District of Pennsylvania, where the events giving rise to his claims occurred and where the remaining Defendants are located. *See* 28 U.S.C. §§ 1391(b), 1406(a); *Lafferty v. St. Riel*, 495 F.3d 72, 74-75 & n.3 (3d Cir. 2007) (declining to disturb district court's *sue sponte* transfer under § 1406(a)); *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (district court may *sua sponte* transfer case under § 1406(a)).

---

those claims are barred by absolute judicial immunity—despite Stubbs's protests to the contrary—because they are based on the Federal Judicial Defendants' judicial rulings in proceedings over which they clearly had jurisdiction. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). Although Stubbs does not seek damages, judicial immunity extends to § 1983 claims against judicial officers for injunctive relief, since "'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Id.* (quoting 42 U.S.C. § 1983). Stubbs does not claim that this exception applies here. Moreover, he does not seek declaratory relief for the purpose it is intended and instead, asks that previous state and federal judgments be reexamined. *See Witasick v. Heaphy*, 425 F. App'x 137, 139 (3d Cir. 2011); *Willaman v. Ferentino*, 173 F. App'x 942, 943 (3d Cir. 2006); *Donahue v. Superior Ct. of Pennsylvania*, No. 18-01531, 2019 WL 923786, at *9 (M.D. Pa. Jan. 24, 2019), *report and recommendation adopted*, No. 18-1531, 2019 WL 913812 (M.D. Pa. Feb. 25, 2019).

**IV.   CONCLUSION**

For the foregoing reasons, the Court will dismiss Stubbs's claims against the Federal Judicial Defendants with prejudice for failure to state a claim and as legally baseless pursuant to 28 U.S.C. § 1915A(b)(1).  Stubbs will not be permitted to file an amended complaint to address his claims against the Federal Judicial Defendants because amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

As there is no apparent basis for venue in this district over Stubbs's claims against the State and Local Defendants, the Court will transfer the remainder of Stubbs's Complaint to the United States District Court for the Middle District of Pennsylvania.  Furthermore, the Application to Proceed *In Forma Pauperis* (ECF No. 4) and Motion for Court Order Pursuant to F.R.C.P. 7(b)(1) (ECF No. 6) shall be left to the discretion of the transferee court.

An appropriate Order follows.

BY THE COURT:

/s/  C. Darnell Jones, II,   J.